**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

Lyle W. Cayce
Clerk

No. 11-40780
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME IBARRA-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-778-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jaime Ibarra-Luna (Ibarra) appeals the sentence for his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). He was originally sentenced to 36 months of imprisonment to run consecutively to an undischarged state sentence and two years of supervised release. We determined that the district court had improperly calculated the guidelines range and vacated and remanded the case for resentencing. *United States v. Ibarra-Luna*, 628 F.3d 712, 716, 719 (5th Cir. 2010). On remand, the district court imposed the same

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of 36 months of imprisonment, to run consecutively to the undischarged state sentence, and two years of supervised release. Ibarra contends that his sentence is substantively unreasonable because the district court gave undue weight to his state murder conviction and failed to consider and give appropriate weight to his post-sentencing rehabilitation.

Sentences are reviewed under an abuse of discretion standard for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Ibarra was convicted in state court of murder and sentenced to 22 years of imprisonment. The district court determined that the conviction evinced Ibarra's propensity for violence. Though the state court had imposed a lengthy sentence, there was uncertainty regarding the amount of time that Ibarra was likely to serve. Combined with this uncertainty was the district court's concern that Ibarra would likely illegally reenter the United States given Ibarra's significant ties to this country. In light of these circumstances, the district court did not give undue weight to the state murder conviction or fail to account for the length of the state sentence by imposing a consecutive 36-month sentence. *See id.*

The district court did not explicitly respond to Ibarra's argument that his post-sentencing rehabilitation efforts warranted a lower sentence. *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). However, the district court indicated at the beginning of the resentencing hearing that it had read Ibarra's

sentencing memorandum in which Ibarra pointed out that he had enrolled in educational programs. Ibarra made this same point at the hearing. Thus, the district court was aware of his post-sentencing rehabilitation efforts but implicitly concluded that the efforts did not warrant a lower sentence. Ibarra's disagreement with the district court's conclusion does not demonstrate that the sentence does not account for a factor that should have received significant weight or that the sentence represents a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708; *see also Gall*, 552 U.S. at 51.

The extent of the variance, 24 months from the guidelines maximum of 12 months, is well within the range of variances we have upheld. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *Smith*, 440 F.3d at 705-06, 709-10. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Ibarra has not demonstrated that the sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.